UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SEDAT ARICI,

Petitioner,

v.

TODD BLANCHE, U.S. Attorney General, et al.,

Respondents.

Case No.: 3:26-cv-04512-RBM-DEB

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

**[Docs. 3, 10]**

Before the Court is Petitioner Sedat Arici's ("Petitioner") Amended Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. 10.) For the reasons below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner is a citizen of Turkiye who entered the United States on August 8, 2024. (*Id.* at 2.) "He was detained for two days and then released [on conditional parole under 8 U.S.C. § 1226(a)] into the U.S. to apply for asylum." (*Id.*; Doc. 11 at 2.) "On November 7, 2024, Petitioner was arrested in Florida for felony Fleeing to Elude, and misdemeanor Operating a Motor Vehicle Without a Valid Drivers License." (Doc. 11 at 1–2 (citing Doc. 11-1 at 6–12).) On October 9, 2025, Petitioner was arrested for "Intimidation – Write Send Threat Written/Elec Threat to Kill Bodily Harm Anothr [sic]." (Doc. 11-1 at 12.)

On or about July 2, 2026, Petitioner was arrested by ICE and taken to Otay Mesa

Detention Center. (Doc. 11 at 2.) On July 26, 2026, Petitioner, then proceeding *pro se*, signed his original petition for a writ of habeas corpus and placed it in the detention center mail system. (Doc. 10-1 [Decl. of Sedat Arici] ¶ 5; *see also* Doc. 5 at 2 (Court's previous Order finding that it retains jurisdiction over this case).) Two days later, Petitioner was transferred to California City Detention Center, where he remains today. (Decl. of Sedat Arici ¶ 5.)

On August 6, 2026, the petition that Petitioner prepared *pro se* was filed in this Court. (Doc. 1.) The Court issued an Order to Show Cause why that petition should not be dismissed for a failure to pay the filing fee. (Doc. 5.) Petitioner timely filed a motion to proceed *in forma pauperis* in response to the Order to Show Cause. (Doc. 7.) The Court granted that motion and appointed Petitioner counsel. (Doc. 8.) Petitioner, now represented, filed the operative Amended Petition on September 2, 2026. (Doc. 10.) Respondents filed their Response on September 9, 2026. (Doc. 11.) Petitioner filed his Traverse on September 16, 2026. (Doc. 12.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates the Fifth Amendment's Due Process Clause. (Doc. 10 at 3–6; Doc. 12 at 2–3.) Respondents, citing the Ninth Circuit's recent decision in *Rodriguez Vazquez v. Bostock*, 183 F. 4th 1160 (9th Cir. 2026), acknowledge

that Petitioner is detained under 8 U.S.C. § 1226(a) and therefore "do not oppose an order from this Court directing a bond hearing be held." (Doc. 11 at 2–3.) Because there is no dispute that Petitioner is subject to § 1226(a) or that he was detained without a hearing, and given Respondents' non-opposition to Petitioner's substantive arguments, the Court **GRANTS** the Petition.

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV. CONCLUSION[1]

For the foregoing reasons, the Petition is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody subject to the conditions of his preexisting parole. Given Petitioner's criminal charges after he was initially released on conditional parole, the Government may impose other reasonable conditions of supervision. *See Chea v. Blanche*, Case No. 2:26-cv-00635-RFB-NJK, 2026 WL 2065431, at *3 (D. Nev. July 16, 2026); *Garcia-Gonzalez v. LaRose*, Case No.: 3:26-cv-04248-RBM-DDL, 2026 WL 2244058, at *2 (S.D. Cal. Aug. 4, 2026).

[1] In light of the conclusion herein, the Court does not reach Petitioner's other arguments.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted. At any such bond hearing, the noncitizen shall bear the burden of establishing, by a preponderance of the evidence, that he is not a flight risk or a danger to the community. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).
3. The Motion for Temporary Restraining Order (Doc. 3) is **DENIED as moot.**

**IT IS SO ORDERED.**

DATE: September 16, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE